IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 29 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 02-cv-00133-ZLW

BERNARD J. SHATTUCK,

    Applicant,

v.

JUANITA NOVAK, and
KEN SALAZAR, Attorney General of the State of Colorado,

    Respondent.

## ORDER DENYING MOTIONS

Applicant Bernard J. Shattuck is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility at Cañon City, Colorado. Mr. Shattuck has filed **pro se** on March 15, 2006, a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (**in forma pauperis** motion), a document titled "Habeas Petition for Recusal of the Above Named Federal Judges on the Grounds and True Facts Offered in Attached Civil Action Rule 60(b)(3) and (4)" (motion to recuse), a "Petition for Appointment of Counsel to Represent this Petitioner Pertaining to a Civil Action Rule 60(b)" (motion for appointment of counsel), and a "Motion to Vacate Judgment Pursuant to the Federal Civil Proc. Rule 60(b)(3) and (4)" (motion to vacate). In the motion to vacate Mr. Shattuck asks the Court to vacate the Court's Order and Judgment of Dismissal filed in this action nearly four years ago on April 19, 2002. The Court must construe the motions liberally because Mr. Shattuck is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, all of the motions will be denied.

The Court first will address the motion to recuse. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The

standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Shattuck's argument that the Court should recuse itself, which apparently is based on the simple fact that the Court dismissed the instant action nearly four years ago, is not sufficient to demonstrate that recusal is appropriate pursuant to either § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the motion to recuse will be denied.

The Court next will address the motion to vacate. As noted above, the Court dismissed the instant habeas corpus action in an order filed on April 19, 2002. The Court determined that the habeas corpus application Mr. Shattuck filed in January 2002 challenging the validity of his 1992 state court conviction was barred by the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Shattuck's appeal from the Court's order dismissing the instant action was dismissed for lack of appellate jurisdiction. Mr. Shattuck asserts the motion to vacate pursuant to Rule 60(b)(3) and (4) of the Federal Rules of Civil Procedure.

In relevant part, Rule 60(b) provides as follows:

> On Motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

A Rule 60(b) motion in a § 2254 case must be treated as a second or successive application if the motion asserts or reasserts a substantive claim to set aside the state court conviction being challenged in the § 2254 case. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2647-48 (2005). A Rule 60(b) motion that asserts only a "defect in the integrity of the federal habeas proceedings" should not be treated as a second or successive application. *See id.* at 2648.

In the instant Rule 60(b) motion, Mr. Shattuck asserts substantive claims challenging his conviction and he contends that the Court erred in denying his habeas corpus application as time-barred. To the extent he is asserting substantive claims challenging the validity of his conviction, the motion to vacate is a second or successive application. The Court lacks jurisdiction to consider the substantive claims because Mr. Shattuck has not obtained the necessary authorization to file a second or successive application. *See* 28 U.S.C. § 2244(b)(3). To the extent Mr. Shattuck is challenging only the Court's ruling that the instant action was time-barred, his claims may be raised pursuant to Rule 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Shattuck may not obtain relief pursuant to Rule 60(b)(3) because the motion to vacate was not filed within one year after the Court dismissed the instant action in April 2002 and he does not identify any fraud, misrepresentation, or other misconduct of an adverse party. Mr. Shattuck also may not obtain relief pursuant to Rule 60(b)(4) because he fails to demonstrate the existence of any extraordinary circumstances showing the judgment is void. Therefore, the motion to vacate will be denied.

Finally, the *in forma pauperis* motion and the motion for appointment of counsel will be denied as moot. Accordingly, it is

ORDERED that the "Habeas Petition for Recusal of the Above Named Federal Judges on the Grounds and True Facts Offered in Attached Civil Action Rule 60(b)(3) and (4)" filed on March 15, 2006, is denied. It is

FURTHER ORDERED that the "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" and the "Petition for Appointment of Counsel to Represent this Petitioner Pertaining to a Civil Action Rule 60(b)" filed on March 15, 2006, are denied as moot. It is

FURTHER ORDERED that the "Motion to Vacate Judgment Pursuant to the Federal Civil Proc. Rule 60(b)(3) and (4)" filed on March 15, 2006, is denied.

DATED at Denver, Colorado, this 29 day of March, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 02-cv-00133-ZLW

Bernard Shattuck
Reg. No. 49242
CTCF
P.O. Box 1010
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  3-29-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk