**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 26 2007

GREGORY C. LANGHAM
CLERK

March 26, 2007

NOTIFICATION OF MAILING

Re:    07-1077, In re: Shattuck v. -
       Dist/Ag docket: 02-cv-133-ZLW,

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED STATES MAIL THIS DATE, ADDRESSED AS FOLLOWS:

Mr. Bernard Shattuck
Colorado Territorial Correctional Facility
#49242
P.O. Box 1010
Canon City, CO 81212

Mr. Gregory C. Langham
Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, CO 80294-3589

DEPUTY CLERK

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

BERNARD SHATTUCK,

Petitioner.

No. 07-1077
(D.C. No. 02-cv-133-ZLW)

ORDER
Filed March 26, 2007

Before **KELLY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Bernard Shattuck, a Colorado state prisoner, has filed a petition seeking a writ of mandamus in connection with his 28 U.S.C. § 2254 action attacking his 1993 conviction for sexual assault on a child. The § 2254 petition was filed in the year 2002; the district court dismissed it as time-barred the same year. *See* 28 U.S.C. § 2244 (providing for a one-year limitation period). This court denied Mr. Shattuck's application for a Certificate of Appealability on April 23, 2003.

He now requests that this court issue a writ of mandamus requiring recusal of the district court judge who denied his numerous attempts for relief from judgment under Fed. R. Civ. P. 60(b), which he filed throughout the year 2006. He also asks this court to order the district court and Colorado officials to respond

to his claims made in his initial § 2254 application, and asks that he be released forthwith from the Colorado Department of Corrections.

For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available. *Hadley Mem'l Hosp., Inc. v. Schweiker*, 689 F.2d 905, 912 (10th Cir. 1982). Mr. Shattuck has not shown entitlement to the extraordinary remedy of mandamus. In particular, he has shown no error in the dismissal of his untimely § 2254 petition or in the denial of his repetitious, belated, and frivolous Rule 60(b) motions.

Mr. Shattuck's petition for a writ of mandamus, request for IFP status, motion for appointment of counsel, and motion for summary judgment are DENIED.

    Entered for the Court
    ELISABETH A. SHUMAKER, Clerk

By: Deputy Clerk